UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0272(1) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| RACIEL RODRIGUEZ-CRUZ, | |
| Defendant. | |

LeeAnn Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Raciel Rodriguez-Cruz, pro se.

Defendant Raciel Rodriguez-Cruz pleaded guilty to conspiring to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine.  At his sentencing in 2011, the version of the United States Sentencing Guidelines then in effect recommended a sentence of between 135 and 168 months' imprisonment.  The Court varied below the guideline range (in part because this was Rodriguez's first serious criminal conviction) and imposed a term of 120 months, which was the minimum sentence mandated by statute due to the quantity of drugs involved in Rodriguez's offense.  *See* 21 U.S.C. § 841(b)(1)(A).

This matter is before the Court on Rodriguez's motion to appoint counsel to assist him in preparing a motion under 18 U.S.C. § 3582(c)(2) seeking a sentence reduction pursuant to "Amendment 782," the United States Sentencing Commission's

2014 amendment to the drug-offense guideline, *see* U.S.S.G. § 1B1.10(d), app. C amend. 782.  There is no constitutional or statutory right to counsel in § 3582(c)(2) proceedings, however.  *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam); *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009); *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995).  Instead, the Court has discretion whether or not to appoint counsel, *Webb*, 565 F.3d at 795 & n.4; *Reddick*, 53 F.3d at 465, and that decision depends in large part on the merits of the proposed sentence-reduction motion, *Reddick*, 53 F.3d at 465 n.2.  Because the record clearly demonstrates that a motion to reduce Rodriguez's mandatory-minimum sentence under § 3582(c)(2) would fail, the Court denies Rodriguez's motion to appoint counsel.

This Court has no authority to reduce Rodriguez's sentence below the statutory mandatory-minimum sentence of 120 months, for two reasons:  First, reducing Rodriguez's sentence below 120 months would be inconsistent with the United States Sentencing Guidelines themselves.  Under 18 U.S.C. § 3582(c)(2), the Court may reduce a sentence pursuant to an amendment to the guidelines only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also Dillon v. United States*, 560 U.S. 817, 826 (2010).  Under one of those policy statements—U.S.S.G. § 1B1.10(b)(2)(A)—the Court may not reduce a sentence "to a term that is less than the minimum of the amended guideline range . . . ."  Section 5G1.1(c)(2),

in turn, provides that the bottom of any guideline range—including an amended guideline range—cannot be less than an applicable statutory minimum. In short, because the bottom of an amended guideline range cannot be less than the statutory minimum under § 5G1.1(c)(2), and because the Court cannot impose a sentence below the bottom of an amended guideline range under § 1B1.10(b)(2)(A), a sentence below a statutory minimum would violate the guidelines themselves. See U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a lower guideline range pursuant to an amendment may be blocked "because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)"); United States v. Peters, 524 F.3d 905, 906-07 (8th Cir. 2008) (per curiam) (defendant not eligible under guidelines for reduction below minimum sentence established by 21 U.S.C. § 841).

Second, and more fundamentally, neither this Court nor any other court can impose a sentence below a statutory mandatory minimum. Statutory mandatory minimums are, by definition, *mandatory*; courts do not have authority to sentence below them (with a couple of narrow exceptions[1]). See United States v. Payton, 636 F.3d 1027,

---

[1] A court can impose a sentence below a mandatory minimum if the government asks the court to do so to reward the defendant for providing substantial assistance to the government. See 18 U.S.C. § 3553(e). And a court can also impose a sentence below a mandatory minimum if the defendant qualifies for the "safety valve." See 18 U.S.C. § 3553(f). The government did not file a substantial-assistance motion at Rodriguez's sentencing, and although he maintained that he was eligible for safety-valve relief, the Court found that he did not qualify. (To be eligible for safety-valve relief, Rodriguez had to "truthfully provide[] to the Government all information and evidence [he] ha[d]

1049 (8th Cir. 2011) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums." (quoting *United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam))).  Even if the guidelines recommended a sentence below the mandatory minimum—and, as just explained, the guidelines never recommend such a sentence[2]—the Court would still be required to impose the statutory minimum sentence, as the Sentencing Commission has "no authority to eliminate a statutory mandatory minimum imposed by Congress."  *United States v. Golden*, 709 F.3d 1229, 1233 (8th Cir. 2013); *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015).

In short, the Court is without authority to reduce Rodriguez's sentence below the statutory mandatory minimum.  Because Rodriguez is not eligible for a sentence reduction, the Court denies Rodriguez's motion to appoint counsel to bring a motion for a sentence reduction.

---

concerning the offense . . . ."  18 U.S.C. § 3553(f)(5).  Rodriguez failed to do so; instead, he lied about the extent of his criminal conduct.)

[2]The only exception to this rule in sentence-reduction proceedings is when the government moved at the original sentencing hearing to reward the defendant for substantial assistance, *see* U.S.S.G. § 1B1.10(c), which, again, the government did not do in Rodriguez's case.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the motion of defendant Raciel Rodriguez-Cruz to appoint counsel [ECF No. 218] is DENIED.

Dated: November 16, 2015            s/Patrick J. Schiltz
                                                               Patrick J. Schiltz
                                                               United States District Judge